IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CATHERINE MCMAHON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 14-3280 |
| | ) | |
| ST. JOHN'S HOSPITAL, and | ) | |
| ILLINOIS BOARD OF NURSING, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

This case is closed.

Here are the reasons:

Plaintiff Catherine McMahon filed a Pro Se Complaint in the United States District Court for the Western District of Texas which asserted a number of against twelve Defendants. See Doc. No. 4. The Western District of Texas ordered the Plaintiff's allegations and claims pertaining to incidents of discrimination involving Defendants St. John's Hospital and Illinois Board of Nursing to be severed from the Complaint and transferred to the Central District of Illinois. See Doc. No. 5.

Pending before the Court are the First Motion to Dismiss of Defendant St. John's Hospital [Doc. No. 21] and the Motion to Dismiss of Defendant Illinois Board of Nursing [Doc. No. 24]. Pending also are the Plaintiff's Motion for Method of Disbursement of Award [Doc. No. 26] and the Plaintiff's Motion for Summary Judgment [Doc. No. 28]. Pending also are Motion of Defendant St. John's Hospital to Strike the Plaintiff's Motion for Summary Judgment [Doc. No. 31] and the Motion of Defendant Illinois Board of Nursing to Adopt that Motion to Strike [Doc. No. 32]. Pending also is the Plaintiff's Motion to Disallow the Motion to Strike and Proceed to a Dispositive Result [Doc. No. 33].

I.

The Plaintiff has asserted claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq., against Defendant St. John's Hospital ("St. John's"). St. John's contends that the ADEA claim asserted against it must be dismissed because the Plaintiff did not satisfy the conditions precedent of an ADEA claim in that she did not exhaust her administrative remedies with the Equal Employment Opportunity

Commission ("EEOC") before filing a federal claim. Alternatively, even if she did exhaust her administrative remedies, the Plaintiff's Complaint should be dismissed because she has not alleged any facts even suggesting age discrimination by St. John's.

Before bringing a civil action under the ADEA, a plaintiff must file a timely charge with the EEOC alleging unlawful discrimination. See Ajayi v. Aramark Business Services, Inc., 336 F.3d 520, 527 (7th Cir. 2003). See 29 U.S.C. § 626(d) ("No civil action may be commenced by an individual under the [ADEA] until 60 days after a charge alleging unlawful discrimination has been filed with the [EEOC]."

The Plaintiff did not allege in her Complaint that she had filed an EEOC charge against St. John's. St. John's claims it has never received notice that such a charge has been filed. Although the Plaintiff did not file a response to the motion to dismiss, the Court has reviewed the Plaintiff's motion for summary judgment. Neither that motion nor any other pleading addresses the St. Johns's assertion that Plaintiff failed to file an EEOC charge.

Because the Plaintiff has not filed an EEOC charge as is required in order to pursue a claim under the ADEA, the Court concludes that dismissal is warranted.

II.

Defendant Illinois Board of Nursing contends the claims directed against it must be dismissed for these reasons: (1) it is not a suable entity because it is a part of the Illinois Department of Financial and Professional Regulation and has no separate legal existence; and (2) the Complaint lacks any specific factual allegations directed at the Illinois Board of Nursing and the Plaintiff has failed to state a claim under Rule 8 of the Federal Rules of Civil Procedure.

The Court concludes that the Illinois Board of Nursing is not a suable entity and must be dismissed as a Defendant. The Board of Nursing is an advisory board appointed by the Illinois Department of Financial and Professional Regulation. See 225 ILCS 65/50-10; 225 ILCS 65/50-65; 225 ILCS 65/70-80; 225 ILCS 65/70-100. Members of the Board of Nursing and the Board staff are appointed by the Department of Financial and

Professional Regulation. See 225 ILCS 65/50-60; 225 ILCS 65/50-65. Accordingly, the Illinois Board of Nursing is a nonsuable entity. See Whiting v. Marathon County Sheriff's Dept., 382 F.3d 700, 704 (7th Cir. 2004) (holding that a sheriff's department has no legal existence separate from the county government which it serves and thus is not subject to suit).

Even if the Defendant Illinois Board of Nursing could be sued, the Court concludes that dismissal would still be warranted because the Plaintiff has failed to provide a short and plain statement showing she is entitled to relief under Rule 8(a)(2). The Illinois Board of Nursing is mentioned only once in the Complaint. The entity is listed as one of the "healthcare associate defendants" to whom Count One (the ADEA claim) is alleged to apply. The Plaintiff alleges that all of the "healthcare associate defendants" knowingly denied or caused others to deny employment opportunit[ies] to the Plaintiff. In her Motion for Summary Judgment, the Plaintiff alleges that following her termination from St. John's, a question mark appeared for an unspecified period next to her registered nurse licence number on the verification system maintained by the Illinois Board of

Nursing. It appears that is the sole basis of her claim against the Defendant.

The Court concludes that, even if the Illinois Board of Nursing was subject to suit, this allegation is not sufficient to place that Defendant on notice of the Plaintiff's claims.

Accordingly, dismissal is also appropriate because the Plaintiff has failed to sufficiently allege the grounds upon which her claim rests.

<u>Ergo</u>, the Motion of Defendant St. John's Hospital to Dismiss the Complaint for Failure to State a Claim [d/e 21] is ALLOWED.

The Motion of Defendant Illinois Board of Nursing to Dismiss for Failure to State a Claim [d/e 24] is ALLOWED.

All other Motions are Moot and shall be terminated.

CASE CLOSED.

ENTER: January 14, 2015

FOR THE COURT:

                                                 s/Richard Mills
                                                 Richard Mills
                                                 United States District Judge